FILED
CLERK
2:05 pm, Aug 01, 2025
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X   Case No.: 25-cv-04170-JS-LGD
LUXURY AIRCRAFT LLC,

         Plaintiff,

   -against-           **ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION WITH TEMPORARY RESTRAINING ORDER**

JACK WILLISON, JETCHARTER.COM LLC,
and JORDAN BROWN,
         Defendants.
---------------------------------------------------------------X

  Upon the reading and filing of the declarations of Daniel Hirschhorn and Joseph Catanese, dated the 28th day of July, 2025, the Plaintiff's complaint, dated the 28th day of July, 2025 and the memorandum of law in support of Plaintiff's motion for a Preliminary Injunction and a Temporary Restraining Order pursuant to Federal Rule of Civil Procedure Rule 65, dated the 28th day of July, 2025,

  **NOW** on motion of Certilman Balin Adler & Hyman, LLP, attorneys of record for Plaintiff, Luxury Aircraft LLC ("Luxury"),

  **LET** Defendant or its attorneys show cause before this Court, at a term for the hearing of motions before Honorable <u>JOANNA SEYBERT</u>, at the Courthouse thereof, located at 100 Federal Plaza, Central Islip, New York, 11722 on the <u>6th</u> day of ~~July~~ August, 2025, at <u>12</u> o'clock in the <u>after</u>noon of that day, or as soon thereafter as counsel can be heard,

  **WHY**, a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure should not be issued, pending the final hearing and determination of this action, as follows:

    a. Enjoining Jack Willison ("Willison"), JetCharter.com LLC ("Jet"), and Jordan Brown ("Brown"), and/or any entities affiliated and/or associated with them, from utilizing any of Luxury's trade secrets and confidential information for any reason, or for any purpose;

b.  Enjoining Willison, Jet, and Brown, and/or any entities affiliated and/or associated with them from directly or indirectly using, disclosing or disseminating to any other person, organization or entity or otherwise use any of Luxury's confidential information and trade secrets;

c.  Enjoining Willison, Jet, and Brown, and/or any entities affiliated and/or associated with them from contacting any of Luxury's customers, vendors and employees for any purpose;

d.  Enjoining Willison from publicly or privately representing himself to be an employee of Luxury, including on his LinkedIn profile;

e.  Enjoining Willison from continuing to possess the Microsoft Surface device issued by Luxury to Willison during the course of Willison's employment with Luxury, and requiring that same be immediately returned to Luxury's possession;

f.  Enjoining Willison from working in the private or public aviation industry until July 4, 2026, including any employment of any kind with JetCharter.com LLC ("Jet"), Jordan Brown ("Brown"), and/or any entities affiliated and/or associated with them;

g.  Enjoining Jet, Brown, and/or any entities affiliated and/or associated with them, from conducting their businesses utilizing Luxury's trade secrets and confidential information.

**SUFFICIENT CAUSE APPEARING THEREFOR**, it is

**ORDERED**, that Willison, Jet, and Brown, and/or any entities affiliated and/or associated with them are hereby **TEMPORARILY RESTRAINED AND ENJOINED** from utilizing any of Luxury's trade secrets and confidential information, in any way, for any reason, or for any purpose; and it is further

**ORDERED**, that Willison, Jet, and Brown, and/or any entities affiliated and/or associated with them are hereby **TEMPORARILY RESTRAINED AND ENJOINED** from directly or indirectly using, disclosing or disseminating to any other person, organization or entity or otherwise use any of Luxury's trade secrets and confidential information; and it is further

**ORDERED**, that Willison, Jet, and Brown, and/or any entities affiliated and/or associated with them are hereby **TEMPORARILY RESTRAINED AND ENJOINED** from contacting any of Luxury's customers, vendors and employees for any purpose; and it is further

**ORDERED**, that Willison is hereby **TEMPORARILY RESTRAINED AND ENJOINED** from publicly or privately representing himself to be an employee of Luxury, including on his LinkedIn profile; and it is further

**ORDERED**, that Willison is hereby **TEMPORARILY RESTRAINED AND ENJOINED** from continuing to ~~possess~~ use, in any manner, the Microsoft Surface device issued by Luxury to Willison during the course of Willison's employment with Luxury, and requiring that same be brought by Willison to Court on August 6, 2025, to be turned over ~~immediately returned to Luxury's possession; and it is further~~ to Plaintiff if the Court so orders, and it is further

**ORDERED**, that Willison is hereby **TEMPORARILY RESTRAINED AND ENJOINED** from working in the private or public aviation industry until July 4, 2026, including any employment of any kind with Jet, Brown, and/or any entities affiliated and/or associated with them; and it is further

**ORDERED**, that Jet, Brown, and/or any entities affiliated and/or associated with them, are hereby **TEMPORARILY RESTRAINED AND ENJOINED** from conducting their businesses utilizing Luxury's trade secrets and confidential information; it is further

3

8615159.1

**ORDERED**, that Service of a copy of this Order and a copy of the Complaint and all other supporting papers, by email and FedEx or other overnight carrier, and designating weekend delivery upon Willison, Jet, and Brown on or before ~~July __, 2025~~ August 1, 2025 shall be deemed good and sufficient service.

DATED:   ~~Central Islip, New York~~
         ~~July __, 2025~~

                                                            _____
                                                            ~~United States District Judge~~

**IT IS FURTHER ORDERED:**

I. Plaintiff shall post $25,000 as security with the Clerk of Court pursuant to Federal Rule of Civil Procedure 65(c).

II. By no later than **August 5, 2025**, the parties are directed to submit proposed witness lists and a brief summary of the evidence and/or testimony to be presented at the August 6, 2025 Preliminary Injunction hearing. Each summary shall not exceed two pages in length.

Dated: August 1, 2025                         /s/ JOANNA SEYBERT
       2:00 p.m.                    Hon. Joanna Seybert, U.S.D.J.
Central Islip, New York

4

8615159.1